No. 22721.

EDDIE S. MAES v. THE PEOPLE OF THE STATE OF COLORADO.

(435 P.2d 893)

Decided January 15, 1968.     Rehearing denied January 29, 1968.

EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, TRUMAN E. COLES, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE E. DEROOS, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer by name, petitioned the trial court in proceedings brought under Colo. R. Crim. P. 35(b) to set aside a plea of guilty previously entered by him; to allow him to tender a not guilty plea; and to grant him a jury trial. This writ of error is directed to the order of the trial court which denied his petition.

Maes grounded his request upon assertions that his guilty plea was involuntary and coerced. He alleged it was obtained on promises made in a "deal" between the district attorney and his appointed counsel.

The trial court granted Maes a full evidentiary hearing. Thus the questions presented for our determination are two-pronged, namely, whether the court abused its discretion in refusing to set aside the guilty plea, and whether the evidence supports the determination by the court.

■ In his request for permission to withdraw his plea of guilty and to have a jury trial on a new plea of not guilty, Maes did not assert in his petition that he was innocent, or that he had a meritorious defense to the charge, or that he did not understand the nature of the charge. One or more of such assertions is a prerequisite in a petition to withdraw a plea of guilty. *Lucero v. People,* 164 Colo. 247, 434 P.2d 128. The record shows, and Maes admits, that he knew the legal limits of the sentence which could be imposed against him, to wit: not less than two nor more than fifteen years. The court, before accepting the plea, inquired whether Maes had been promised anything, threatened or coerced. It received a negative answer.

■ Plea bargaining per se does not invalidate a guilty plea. *Smith v. People,* 162 Colo. 558, 428 P.2d 69. The record does show that there was some plea bargaining. Maes' version was that he was promised that his $25,000 bond would be reduced to $2500 and that a pending charge of larceny against him would be dismissed. Maes' attorney countered this by testifying that he told Maes he would make application to the court for a reduction in bond, which was done; that the district attorney stated he would not object to the reduction, and the record shows that he did not object. The court denied the application for reduction of the bond. The record further shows that the larceny charge was, in fact, dismissed.

At most, we have herein some conflict in the evidence at the hearing. The record supports the trial court's resolution of the conflict.

The judgment is affirmed.