No. 23445.

James Edward Simms *v.* The People of the State of
Colorado.
(443 P.2d 371)

Decided July 15, 1968.

Benton S. Clark, Jr., for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey,
Deputy, John P. Moore, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the
Court.

On June 16, 1967, plaintiff in error James Edward
Simms was charged in El Paso County with having com-
mitted the crime of robbery. Simms pleaded not guilty
and not guilty by reason of insanity at the time of the
alleged commission of the crime. A separate trial on the

issue of sanity was held and the jury therein found the defendant to be "sane." Thereafter, a trial on the merits was held and Simms was found guilty. He directs his writ of error here only to the proceedings which occurred at the trial on the issue of sanity.

At the sanity trial, the trial judge, applying C.R.S. 1963, 39-8-1, *as amended,* 1967 Session Laws 221, instructed the jury that:

" * * * the defendant has the burden of proving by a preponderance of the evidence that he was insane at the time of the alleged commission of the crime . . . By 'burden of proof' is meant the obligation resting upon the defendant to prove his insanity by a preponderance of the evidence."

█ The Attorney General has filed a confession of error in this matter, advising us that the situation here is governed by this Court's recent pronouncement in *People ex rel. Juhan v. Dist. Court,* 165 Colo. 253, 439 P.2d 741. We agree and find the instruction in question to be prejudicially erroneous. We therefore reverse the portion of the judgment finding the defendant sane at the time of the commission of the crime and remand the matter to the District Court of El Paso County for a new trial on the issue of sanity only, such trial to be held in accordance with the principles set forth in *People ex rel. Juhan v. District Court, supra.*

The judgment is reversed and the cause remanded for further proceedings consistent with the views expressed here.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY specially concurring.

MR. JUSTICE MCWILLIAMS specially concurring.

I specially concur and shall briefly explain my position in this matter.

The rule announced by the majority of this Court in *People ex rel. Juhan v. District Court,* 165 Colo. 253,

439 P.2d 741 dictates and requires that the judgment in the instant case be reversed. It is for this reason *only* that I now concur in this reversal.

It is still my very strong personal conviction that 1965 Perm. Supp., C.R.S. 1963, 39-8-1, as amended by Chapter 163, Session Laws of 1967 in nowise violates Article II, §25 of the Colorado constitution and does not in any manner offend due process. For a more detailed statement as to my views on this particular subject, see my dissent in *People ex rel. Juhan v. District Court, supra.*

Mr. Justice Kelley has authorized me to state that he joins in this specially concurring opinion and directs attention to his dissent in *People ex rel. Juhan v. District Court, supra,* for a more detailed statement of his views on this matter.