No. 23925.

Billy James Moneyhun *v.* The People of the State of Colorado.
(486 P.2d 434)

Decided June 28, 1971.

EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, WILLIAM J. CHISHOLM, Public Defender, STEPHEN C. RENCH, Deputy, WILLIAM D. NEIGHBORS, Assistant, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT L. HOECKER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

THE plaintiff in error, Billy James Moneyhun, was the defendant in the trial court and will be referred to herein as the defendant. He was charged with aggravated robbery and conspiracy to commit robbery. When he was arraigned, he entered pleas of not guilty and not guilty by reason of insanity.

The sanity issue was tried to a jury. The jury found the defendant sane. Thereafter, the defendant pled guilty to simple robbery and was sentenced to the Colorado State Penitentiary.

The defendant, *pro se*, sought post-conviction relief, which was summarily denied by the trial judge. By writ of error, the defendant seeks to review the trial court's ruling on his motion under Crim. P. 35(b). The defendant's motion alleges, and the record clearly shows,

that the jury was not properly instructed on the burden of proof which the prosecution must sustain in a sanity trial. The trial was completed prior to our decision in *People v. District Court for the County of Jefferson,* 165 Colo. 253, 439 P.2d 741 (1968), which struck down the statutory burden of proof which is in issue in this case as being unconstitutional. C.R.S. 1963, 39-8-1. As a result, the trial judge, pursuant to the statute, instructed the jury that the burden of proof was upon the defendant to establish by a preponderance of the evidence that he was insane at the time of the commission of the offense. This error clearly requires that the defendant be granted a new trial on the sanity issue.

The defendant seeks, however, not only a new trial on the sanity issue, but also asks us to allow him to withdraw his guilty plea to simple robbery. He contends that he was coerced into a guilty plea through the action of the trial court in instructing the jury to follow an unconstitutional statute. We cannot agree with the defendant's contention. He has neither alleged nor proved facts which would permit a withdrawal of his plea of guilty. *American Bar Association Standards of Criminal Justice Relating to Pleas of Guilty,* § 2.1, *Plea withdrawal.* If the defendant had the mental capacity to enter a guilty plea, the procedures followed by the trial judge complied fully with the requirements of Crim. P. 11. The tests for sustaining a guilty plea have recently been the subject of definition in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970).

The court conducted a proper hearing to determine that the defendant understood the factual basis of the charge and the possible consequences of his plea. From

the record it is clear that no question exists as to the factual basis for the plea. *See American Bar Association Standards of Criminal Justice Relating to Pleas of Guilty,* § 1.6, *Determining accuracy of plea.* The protective safeguards relating to voluntariness that are set forth in Crim. P. 11 and in the *American Bar Association Standards of Criminal Justice Relating to Pleas of Guilty,* § 1.4, *Defendant to be advised by court,* and § 1.5, *Determining voluntariness of plea,* were fully met by the trial judge. During the hearing, the court protected all rights of the accused and apprised the defendant of his constitutional right to counsel and to jury trial. If the defendant is, in fact, insane, his plea of guilty should be stricken and the sentence vacated. *See Martinez v. Tinsley,* 241 F.Supp. 730 (D.C. Colo. 1965); *Hampton v. Tinsley,* 240 F.Supp. 213 (D.C. Colo. 1965). If, however, the defendant is sane, and is determined to be sane by a proper trial of the sanity issue, the guilty plea must stand. *Lamb v. People,* 174 Colo. 441, 484 P.2d 798 (1971); *Simms v. People,* 166 Colo. 278, 443 P.2d 371 (1968).

Accordingly, the judgment is reversed and the cause is remanded to the district court for a new trial on the sanity issue. In the event the defendant is found to be sane, the defendant's plea of guilty to the crime of simple robbery, together with the conviction and sentence, will stand. If he is found to be insane, the plea should be stricken and the judgment of conviction and sentence vacated.

Judgment reversed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY, MR. JUSTICE HODGES, MR. JUSTICE LEE, OYER G. LEARY, District Judge,* and MAX C. WILSON, District Judge,* concur.

MR. JUSTICE KELLEY and MR. JUSTICE GROVES not participating.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.