No. 24431.

WILLIAM F. DABBS *v.* THE PEOPLE OF THE STATE OF COLORADO.
(486 P.2d 1053)

Decided July 6, 1971.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, THOMAS M. VAN CLEAVE, Deputy, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PAUL D. RUBNER, Assistant, TENNYSON W. GREBENAR, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

THE trial court's denial of relief prayed for in a Crim. P. 35(b) motion caused the defendant, William F. Dabbs, to seek relief by way of writ of error. For the sake of clarity, the plaintiff in error will be referred to in the same manner in which he was identified in the trial court.

William F. Dabbs was charged with first-degree murder in a two-count information which alleged that he killed Ernest E. Love and Sarah A. Dabbs, his wife. When he appeared with counsel at the arraignment, he entered pleas of not guilty and not guilty by reason of insanity at the time of the alleged commission of the offense. The sanity issue was tried to a jury which found the defendant to be sane. Thereafter, following extensive plea negotiations, the defendant entered a plea of guilty to the second count of the information and to the charge of murder in the second degree. Both counts of the information related to the same transactions, and the district attorney, following the entry of the plea of guilty to the second count, dismissed the first count. The trial judge, after obtaining a presentence report, sentenced the defendant to the Colorado State

Penitentiary. The term of the sentence did not exceed the statutory limits.

The record reflects that the defendant was represented by counsel at each stage of the proceeding and that he was fully advised of the consequences of his plea. Before the defendant's plea was accepted, the court determined that there was a factual basis for the plea, in accordance with the requirements of Crim. P. 11.

The record also discloses that the grounds for post conviction relief were set forth in a motion that was filed by the defendant, *pro se,* more than six years after the defendant entered a plea of guilty to murder in the second degree. The post conviction motion was denied without an evidentiary hearing. The defendant, through his counsel, would have us refer the matter back to the trial court for an evidentiary hearing to determine whether the plea of guilty was voluntary and complied with all constitutional requirements. He contends that his plea resulted from his fear of the death penalty.

The record eliminates the necessity for further hearings on the propriety of the court's accepting the defendant's plea of guilty. An evidentiary hearing was not required in this case to make a determination of the issues created by the defendant's Crim. P. 35(b) motion. The *American Bar Association Standards of Criminal Justice Relating to Post Conviction Remedies* provide: "4.5 *Summary disposition without plenary hearing; discovery*

"(a) Applications for post conviction relief can appropriately be decided on the merits without a plenary evidentiary hearing, and without the expense, risk, and inconvenience of transporting the applicants, if in custody, from the prison to the courthouse. Such summary disposition is proper in all cases where there is no factual issue and where the case is submitted on an agreed statement of facts."

■■ The defendant urges us to extend the holding in *Jackson v. United States,* 390 U.S. 570, 88 S.Ct. 1209,

20 L.Ed.2d 138 (1968), to the facts in this case. We find that the facts before us are controlled by *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The plea in the instant case was not coerced with threats of a possible death penalty, but resulted from conscious plea bargaining that was carried out by counsel at the request of the defendant. Plea discussions, plea agreements, or just plain old plea bargaining, as it was once known, has now been approved. *Brewer v. People,* 168 Colo. 505, 452 P.2d 379 (1969); *Maes v. People,* 164 Colo. 481, 435 P.2d 894 (1968); *Lucero v. People,* 164 Colo. 247, 434 P.2d 128 (1967); *Smith v. People,* 162 Colo. 558, 428 P.2d 69 (1967). *American Bar Association Standards of Criminal Justice Relating to Pleas of Guilty,* § 3.1, *Propriety of plea discussions and plea agreements.* Moreover, the *American Bar Association Standards Relating to the Prosecution Function and the Defense Function* spell out the duties of the prosecutor and the defense lawyer in carrying out plea discussions:

"4.1 *Availability for plea discussions.*

"(a) The prosecutor should make known a general policy of willingness to consult with defense counsel concerning disposition of charges by plea."

A reciprocal duty is placed upon defense counsel by the Standards, but as a condition precedent, the defense lawyer must first obtain permission and the consent of his client. *American Bar Association Standards of Criminal Justice Relating to the Prosecution Function and the Defense Function,* § 6.1, *Duty to explore disposition without trial, and* § 6.2, *Conduct of discussions.*

All of the safeguards which an accused is provided under the Constitution, under the Standards of Criminal Justice, and under our criminal rules were afforded the defendant in this case. *See Moneyhun v. People,* 175 Colo. 220, 486 P.2d 434.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE LEE not participating.