No. 24938

**The People of the State of Colorado v. Dennis Tony Baca**
(499 P.2d 317)

Decided July 17, 1972.          Rehearing denied August 8, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Eugene C. Cavaliere, Assistant, for plaintiff-appellee.

Harry K. Nier, Jr., for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE GROVES.

This is a Crim. P. 35 proceeding.

The defendant was charged originally with attempted second-degree burglary, a felony. Later, a misdemeanor charge of accessory after the fact to attempted second-degree burglary was filed against him. He offered a plea of *nolo contendere* to the misdemeanor charge. This was accepted, and the charge of attempted burglary was dismissed.

At the time the defendant tendered his plea, the court advised him that the penalty for the accessory after the fact charge was a maximum of two years in jail. The court did not

advise him that, in lieu of a jail sentence, he also could be sentenced to the Colorado State Reformatory. C.R.S. 1963, 39-10-1(2). Subsequently, after the court had considered a pre-sentence report, it sentenced him to an indeterminate term in the Colorado State Reformatory. Defendant thereafter filed the motion here under consideration, claiming only that it was error to fail to advise him of the possibility of being sentenced to the reformatory, as well as to the county jail. The court immediately vacated the sentence and re-sentenced him to eleven months in the county jail. He is here seeking a determination that he is entitled to withdraw his plea of *nolo contendere* and enter a plea of not guilty. We affirm.

The following cases have been called to our attention: *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972); *People v. Mason,* 176 Colo. 544, 491 P.2d 1383 (1971); *People v. Riney,* 176 Colo. 221, 489 P.2d 1304 (1971); *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971); *Westendorf v. People,* 171 Colo. 123, 464 P.2d 866 (1970); and *Martinez v. People,* 152 Colo. 521, 382 P.2d 990 (1963). In each of those cases there was a failure to explain the nature and elements of the *offense* charged prior to acceptance of the plea, and in some there were other failures of compliance with Crim. P. 11(c). None of these decisions involved solely a failure to advise as to the correct and complete penalty.

We hold that the error was harmless. After the court corrected it, the sentence conformed to the advisement given. Defendant's total sentence, including about a month that he spent in the reformatory, was approximately one-half the possible maximum sentence.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.