MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
Petitioner, Earl Albert Hyde, plead guilty to both counts of an information charging sales of a narcotic drug. Thereafter, he was sentenced to terms of 6 to 12 years in the penitentiary on each count, the sentences to run concurrently. After serving approximately one year of his sentence, petitioner filed a motion in the trial court under Crim. P. 35(b) seeking to set aside the sentences and to permit him to withdraw his plea of guilty.
He contends that (1) the sentencing court failed to properly inform him of the possible penalties for the crimes to which he entered a guilty plea as required by Crim. P. 11, and (2) the sentencing court failed to take testimony in aggravation and mitigation before imposing sentence as required by C.R.S. 1963, 39-7-9.
The trial court denied this motion without an evidentiary hearing. Hyde thereupon brought an original proceeding here seeking to compel the trial court to hold an evidentiary hearing. We issued a rule to show cause. Upon examination of the record of the providency hearing and the sentencing *326 hearing and the Answer and the briefs on file, we now discharge the rule.
I.
 Initially petitioner contends that he was misinformed as to possible consequences of his guilty pleas. C.R.S. 1963, 48-5-20, the section under which penalties for sale of narcotic drugs are delineated reads in pertinent part:
“* * * Whoever violates section 48-5-2 . . . shall be guilty of a felony and, on conviction, be fined not more than ten thousand dollars and imprisoned in the state penitentiary not less than two nor more than fifteen years for a first offense; for a second offense such person shall, on conviction, be fined not more than ten thousand dollars and imprisoned in the state penitentiary not less than five nor more than twenty years . . . .”
The record in the providency hearing shows that the trial court advised Hyde that he could be sentenced to a term of 2 to 15 years on each count. The record of the sentencing hearing shows that the sentences imposed were within that range. The trial court specifically stated in his order denying relief to Hyde that since the pleas to both charges were entered on the same day and were for similar offenses, he did not treat either as a second offense. Rather than being harmed by the judge’s action here, Hyde was actually benefitted. The record on its face shows the providency hearing was a proper one in light of the sentences meted out. Under such circumstances, an evidentiary hearing was not required. Crim. P. 35(b); Dabbs v. People, 175 Colo. 273, 486 P.2d 1053.
II.
Secondly, petitioner contends that he was entitled to an evidentiary hearing as to whether the sentencing court failed to comply with C.R.S. 1963, 39-7-8. The record reveals that a pre-sentence report was prepared and was in the hands of the court at the time of the hearing. Discussion ensued between counsel and the court concerning this report in the presence of Hyde. Hyde was then permitted to make a statement to the court in mitigation of the offense and he did *327 so. The contention of the petitioner is clearly without merit on the face of the record itself and requires no evidentiary hearing. Dabbs v. People, supra.
The rule is discharged.