### The PEOPLE of the State of Colorado, Petitioner,

v.

### Jose L. MAREZ, Respondent.

### No. 00SC695.

Supreme Court of Colorado, En Banc.

Feb. 4, 2002.

Ken Salazar, Attorney General, Matthew S. Holman, Assistant Attorney General, Denver, CO, Attorneys for Petitioner.

Jose L. Marez, Pro Se.

Justice COATS delivered the Opinion of the Court.

The People petitioned for review of the court of appeals' judgment reversing the trial court's denial of postconviction relief. In his

motion pursuant to Crim. P. 35(c), the defendant objected to the inclusion of a mandatory period of parole, of which he had not been advised at the time of his plea, in the sentence he received after violating the terms of his stipulation to a deferred judgment and sentence. The court of appeals rejected the People's contention that the additional period of parole was not a direct consequence of the defendant's plea because it attached to his sentence only after breach of his deferred-sentence agreement and that it was therefore not a matter as to which he was entitled to advisement. Because a period of parole that exceeds a defendant's sentence to incarceration for a particular offense increases the range of his punishment for that offense, it is a penalty as to which he must have been advised before pleading guilty. Therefore, the judgment of the court of appeals is affirmed.

### I.

The defendant, Jose L. Marez, pled nolo contendere to charges of first degree burglary and misdemeanor menacing for offenses committed in January 1995. By the terms of his plea agreement, he received a sixty-day jail sentence for menacing and a three-year deferred judgment and sentence for burglary. Before completing the deferred judgment, the defendant violated its terms and was sentenced to the Colorado Department of Corrections for a term of twelve years. The department of corrections calculated the sentence as including, in addition, the five-year period of parole required by section 18–1–105(1)(a)(V)(A), 6 C.R.S. (2001).[1]

The defendant filed a Crim. P. 35(c) motion in the sentencing court, challenging the additional period of parole as a penalty of which he had not been advised at the providency hearing and as violating the terms of his plea agreement. The district court denied the motion, finding that in any event the addition of the period of mandatory parole was harm-

less because when added to the defendant's twelve-year sentence to incarceration, the entire sentence did not exceed the twenty-four-year maximum term of which he had been advised.

On direct appeal to the court of appeals, the People conceded that the trial court had misread the record of the providency hearing, which showed that the defendant had been advised only that by pleading guilty to burglary he risked a possible sentence of twelve years. The People nevertheless opposed reversal of the trial court's order on the grounds that the failure to advise the defendant of a period of additional parole, which attached to his sentence only when he violated the terms of his stipulation to a deferred judgment and sentence and was then sentenced to the custody of the department of corrections, was not error at all. Because the period of parole became a part of the defendant's sentence only upon his violation of the terms of his deferred judgment, the People asserted that it was not a "direct consequence" of his plea and, therefore, that it was not among the penalties of which he had to be made aware to evidence a knowing and intelligent guilty plea. Holding that the defendant must have been advised before entering a plea resulting in a sentence including a mandatory period of parole, the court of appeals reversed and remanded with directions to reduce the defendant's term of incarceration to seven years, followed by the five additional years of parole mandated by statute. The People petitioned for review of that judgment by writ of certiorari.[2]

### II.

 For a guilty plea to be constitutionally effective, the record as a whole must reflect that the defendant was given sufficient notice of, among other things, the possible penalties to which he was subject as a

---

1. In *Benavidez v. People*, 986 P.2d 943, 951 (Colo.1999) and *Craig v. People*, 986 P.2d 951, 966 (Colo.1999), we indicated that a mittimus that is wholly silent as to mandatory parole must be read to include this requirement.

2. This court granted certiorari on the question whether mandatory parole attaching to a period of incarceration after a revocation of a deferred sentence is a direct result of a guilty plea, and whether the penalty for which the defendant must be warned includes that term of parole.

result of his plea.[3] *See Craig v. People,* 986 P.2d 951, 963–64 (Colo.1999). The possible penalties of which a pleading defendant must be advised do not include every adverse consequence that he may suffer following his plea but only those consequences considered sufficiently direct. Direct consequences have been described as those that have a definite, direct, and largely automatic effect on the range of possible punishment. *Craig,* 986 P.2d at 963; *People v. Birdsong,* 958 P.2d 1124, 1128 (Colo.1998).

While there may be some debate about exactly which consequences are sufficiently "direct" to require advisement before entry of a guilty plea, the term at least clearly includes the maximum prison term and fine for the offense charged. *See Parry v. Rosemeyer,* 64 F.3d 110, 114 (3d Cir.1995). It is now settled in this jurisdiction that parole is sufficiently like incarceration that the additional period of parole required by section 18–1–105(1)(a)(V)(A), 6 C.R.S. (2001), must be considered a direct consequence, of which a pleading defendant must be advised pursuant to Crim. P. 11(b)(4). *Craig,* 986 P.2d at 963–64; *Benavidez,* 986 P.2d at 950; *see also United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (advisement of special parole required by Fed.R.Crim.P. 11); *United States ex rel. Baker v. Finkbeiner,* 551 F.2d 180 (7th Cir. 1977) (finding violation of due process where period of special parole exceeded term of which the defendant had been warned). It is also settled that the additional periods of parole mandated by section 18–1–105(1)(a)(V)(A) apply only to sentences to imprisonment in the custody of the department of corrections for certain felonies and not to alternative sentences to probation or a community corrections program. *Craig,* 986 P.2d at 963; *see also Young v. People,* 30 P.3d 202, 205 (Colo.2001); *People v. Johnson,* 13 P.3d 309, 313 (Colo.2000).

■ Guilty pleas may of course be entered as the result of plea agreements in which the prosecutor makes sentence recommendations or concessions. *See* § 16–7–301(2)(a), 6 C.R.S. (1999); Crim. P. 11(f)(2)(I); *see also People v. Wright,* 194 Colo. 448, 573 P.2d 551 (1978) (equating sentence "concessions" and "recommendations"). A sentence concession does not, however, alter the range of possible penalties to which a defendant may be sentenced for the particular offense to which he pleads guilty. The trial judge in every case must exercise an independent judgment in deciding whether to grant charge and sentence concessions, and even though the judge may initially concur, if he ultimately decides that the final disposition should not include a sentence concession contemplated by the plea agreement, the effect of that decision is merely to permit the defendant to withdraw his guilty plea at the time of sentencing. § 16–7–302(2) and (3); Crim. P. 11(f)(5), 32(d).

A defendant is not harmed as long as he is legally sentenced in the range of which he was advised, and therefore his plea is not rendered invalid or void by a failure to fully advise him of the "correct and complete penalty," as long as the sentencing court does not impose any sentence greater than the defendant was advised. *See Craig,* 986 P.2d at 964 (quoting *People v. Baca,* 179 Colo. 156, 158, 499 P.2d 317, 318 (1972)); *cf. Hyde v. Hinton,* 180 Colo. 324, 326, 505 P.2d 376 (1973) (providency hearing considered proper in light of sentences meted out). Because a pleading defendant must have been advised that he was at risk of receiving as long a sentence as he actually receives, however, a sentencing court, in order to maintain its sentencing options, must advise a defendant at the time he decides to enter a guilty plea of the full range of possible penalties. Even if a court imposes an alternate sentence, such as probation or community corrections, whether a sentence to the custody of the department of corrections remains a legitimate sentencing option depends in part upon subsequent developments. *See, e.g.,* § 16–11–206(5), 6 C.R.S. (2001); § 17–25–105(e), 6 C.R.S. (2001).

■ It is also well-settled that the consequences of subsequent acts by a defendant, even if those consequences are enhanced by

---

**3.** A plea of nolo contendere is for all intents and purposes treated as a guilty plea. *See People v.*

*Birdsong,* 958 P.2d 1124, 1127–28 (Colo.1998).

an earlier guilty plea, are collateral rather than direct consequences of the earlier plea and therefore are not consequences of which the defendant must have been advised upon entering the earlier plea. *See People v. Heinz*, 197 Colo. 102, 105–06, 589 P.2d 931, 933 (1979). A plea is therefore not rendered invalid by the mere failure to warn the defendant that his sentence for a subsequent conviction would be enhanced because of the earlier plea. *Id.* Similarly, a plea is not invalid merely because the defendant was not warned that upon violation of the terms of his probation, he would be subject to resentencing to anything to which he could have originally been sentenced. *Birdsong*, 958 P.2d at 1128; *see also Parry v. Rosemeyer*, 64 F.3d at 114–115.[4]

■ But punishment for the subsequent conduct itself still requires adequate process. In order to be subjected to a prison sentence or an additional term of parole for subsequent conduct, a defendant must be convicted of or plead guilty to a subsequent offense. If the defendant's sentence to prison, and concomitant term of mandatory parole, does not flow from a subsequent conviction or effective waiver of the defendant's right to be tried for his subsequent conduct, and flows instead from an earlier plea, his sentence cannot exceed the penalties of which he was advised and upon which his earlier plea was predicated. Although not inevitable, an additional period of parole ultimately imposed as part of a defendant's sentence for a particular crime is a direct consequence of his conviction or guilty plea to that crime, *Young*, 30 P.3d at 204, and this court has not before suggested otherwise.

In *Craig* and *Benavidez*, this court made clear that "[m]andatory parole is a direct consequence of pleading guilty to a charge which subjects a defendant to immediate imprisonment." *Craig*, 986 P.2d at 963; *see also Benavidez*, 986 P.2d at 950. Benavidez initially pled guilty to several charges that subjected him to the possibility of immediate imprisonment, but he did so pursuant to

sentence concessions to probation and community corrections, which were adhered to by the sentencing court. Therefore his actual sentences did not initially include mandatory parole. Although Benavidez was not at that time advised of a mandatory period of parole, his ultimate sentence to prison for those crimes did not exceed the possible penalties of which he had been advised because by the time the additional period of parole actually became part of his sentence, he had reaffirmed his prior pleas, after a full advisement, as part of a plea agreement including additional offenses. *Id.* In explaining why Benavidez was not harmed by his initial advisement and why the adequacy of his advisement about mandatory parole was therefore dependent upon the final agreement and associated providency hearing, we indicated that mandatory parole was not "initially" a direct consequence of his pleas but that it became one. *Id.* While we used the term broadly to make clear that mandatory parole was not initially an actual consequence at all, nothing in our discussion implied that a defendant's sentence could ultimately include a period of mandatory parole extending beyond the maximum possible sentence of which he had been advised.

■ Unlike Benavidez, the defendant never reaffirmed his plea after learning that his sentence included an additional period of parole. The defendant entered his plea of nolo contendere to burglary pursuant to a written stipulation authorized by section 16–7–403, 6 C.R.S. (2001). The statute permits the entry of judgment and sentence to be deferred and upon compliance with the conditions of the stipulation, for the plea to be withdrawn and the charges upon which the judgment and sentence were deferred to be dismissed with prejudice. Once the district court determined that the defendant had violated the conditions of the stipulation, it was obliged to enter judgment and impose sentence upon the plea, which it did. *See* § 16–7–403(2).

The defendant's sentence to twelve years in prison plus five additional years of parole

---

4. *Parry v. Rosemeyer* is representative of several federal cases relied on by the People, which characterize *revocation of probation* as a collateral rather than a direct consequence of a guilty plea. Although the defendant in *Parry* was not advised what might happen upon violation of the

conditions of his probation, he was advised at the providency hearing that the crime to which he pled guilty carried a possible sentence as long as that which he ultimately received. *Id.*, 64 F.3d at 114 n. 6.

was clearly a sentence for his conviction of first degree burglary rather than a sentence permitted for committing a federal misdemeanor or for breaching the terms of his deferred sentencing agreement. Although the defendant's sentence to imprisonment and mandatory parole was not inevitable at the time of his plea and, in fact, could not have been lawfully imposed prior to his subsequent breach, it was a direct consequence of his plea to burglary. *See Young,* 30 P.3d at 204. Whether a pleading defendant is entitled to notice of the effect that his future conduct will have on a current sentence,[5] he cannot be lawfully sentenced for a crime to which he has pled guilty to a term longer than that of which he was advised when it was still within his power to reject the plea.

The court of appeals' reformation of the defendant's sentence, by ordering a reduction of the defendant's prison term to an extent sufficient to permit the sum of his terms of incarceration and mandatory parole to fall within the maximum sentence of which he was advised, *see Craig,* 986 P.2d at 966–67, was not challenged by the People. Therefore, the judgment is affirmed.

---

5. In the case of a stipulation to a deferred judgment and sentence, section 16-7-403(2) requires that the written stipulation itself "provide that, upon a breach by the defendant of any condition regulating the conduct of the defendant, the court shall enter judgment and impose sentence upon such guilty plea."