No. 23462.

Henry Glenn Westendorf *v.* The People of the State
of Colorado.
(464 P.2d 866)

Decided February 9, 1970.

BENTON S. CLARK, JR., for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, AUREL M. KELLEY, Special Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MCWILLIAMS.

ONE Henry Glenn Westendorf, hereinafter referred to as the defendant, was charged in a two count information with the commission of two so-called aggravated robberies. Counsel was thereafter appointed by the trial court to represent the defendant, and the matter was thereafter continued from time to time to the end that the defendant was never formerly arraigned on either of these two charges.

Rather, several months after the filing of the aforesaid information, the District Attorney with leave of court withdrew the information above referred to and in lieu thereof filed an amended information in which the defendant was charged in one count with receiving stolen goods. When arraigned on the charge contained in the amended information the defendant, with appointed counsel at his elbow, pled guilty and the defendant was thereafter sentenced to a term in the state penitentiary.

About six months later the defendant, this time with retained counsel other than counsel appointed to represent him, filed a motion under Colo. R. Crim. P. 35 (b) wherein he sought to set aside the sentence theretofore imposed and withdraw the plea of guilty previously entered. The principal argument in support of the 35 (b) motion concerns the failure of the trial court to comply with the requirements of Colo. R. Crim. P. 11 relating to the acceptance by a trial court of a plea of guilty. Other grounds were alleged in the motion as

reason for setting aside the sentence imposed, but they need not be mentioned or discussed inasmuch as they were not substantiated at the hearing on the 35 (b) motion. However, the failure of the trial court to follow the requirements of Rule 11 necessitates a reversal of the order of the trial court denying defendant's 35 (b) motion.

The Attorney General concedes that the reporter's transcript shows a "noncompliance" with Rule 11, but argues that in a 35 (b) proceeding it is not enough to merely show "technical noncompliance" with Rule 11 and that the movant must go farther and show, by affirmative evidence, that he did not know of his various constitutional rights or of the consequences of his tendered plea of guilty. We do not agree with this line of argument.

In *Martinez v. People,* 152 Colo. 521, 382 P.2d 990 we declared as follows:

"The acceptance of a plea of guilty depends upon the fulfillment of certain conditions. Absent the fulfillment of these conditions there can be no acceptance of a plea of guilty under this rule. . . .

"In these circumstances since there was no acceptance of the pleas of guilty in accordance with the mandatory provisions of Rule 11 (a), the sentences are void, the judgment is reversed and the cause is remanded with directions to vacate the judgment heretofore entered, re-arraign the plaintiffs in error, and proceed according to law."

See, also, *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, where a state conviction based on a plea of guilty to a charge of aggravated robbery was reversed because the record failed to affirmatively show that the guilty plea was made voluntarily and knowingly. In other words, a guilty plea which is not voluntary and knowing was held to have been obtained in violation of federal due process.

As indicated, the Attorney General concedes that the trial court failed to comply with the requirements

of our Rule 11. However, it is suggested that because the record "smacks of plea bargaining" the requirement of the rule under such circumstance need not be met. We would not by decision create such an exception to our rule. Indeed, it would seem to us when plea bargaining is suggested, all the greater the need for a judicial determination that the tendered plea of guilty is made voluntarily and with an understanding of the nature of the charge and the consequences flowing from the acceptance of such a plea.

The Attorney General directs our attention to the recent case of *Smith v. People,* 162 Colo. 558, 428 P.2d 69. It is true that in the *Smith* case we recognized — and "did not condemn" — the practice of plea bargaining. However in that case we went on to state that the important thing is that the plea be a genuine one by a defendant who is guilty and who understands his situation, his rights and the consequences of his plea and is neither deceived nor coerced. And most importantly, in the *Smith* case there was compliance with Rule 11, whereas in the instant case there was not.

The judgment is reversed and the cause remanded with direction that the sentence be vacated, the plea of guilty withdrawn, and that further proceedings, if any, be according to law.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE GROVES concur.