No. 25109.

THE PEOPLE OF THE STATE OF COLORADO *v.* DENNIS E. RINEY.
(489 P.2d 1304)

Decided November 1, 1971.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard G. McManus, Jr., Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave, III, Deputy, for defendant-appellant.

*En Banc.*

Mr. Chief Justice Pringle delivered the opinion of the Court.

Defendant Riney was charged with the crime of robbery and pleaded guilty to a charge which contained an allegation that, in the vernacular, constituted the crime of "aggravated" robbery. Thereafter, he filed a motion under Crim. P. 35(b). He alleged that he did not understand the nature of the charge when he pleaded guilty, and he testified at the evidentiary hearing that he did not know the difference between "simple" robbery and "aggravated" robbery, nor was he ever advised of the same. He testified further that he thought there was only one kind of robbery, and that had he known the difference he would have presented evidence that the gun he used was not loaded.

The attorney general confesses error, pointing out that the mandatory provisions of Crim. P. 11 were not carried out by the trial court at the time the defendant pleaded guilty to aggravated robbery. We agree. The trial court in the present case failed to explain to the defendant the nature and elements of the charge of "ag-

gravated" robbery. Such an explanation and a determination by the trial judge that the accused understands the nature of the charge is required by Crim. P. 11 and the Constitution of the United States. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; *People v. Randolph,* 175 Colo. 454, 488 P.2d 203; *Westendorf v. People,* 171 Colo. 123; 464 P.2d 866. It is true that plea bargaining was present here, but we point out as applicable the cogent reasoning of former Chief Justice Mc-Williams in *Westendorf, supra,* where he stated:

"* * *[I]t is suggested that because the record 'smacks of plea bargaining' the requirement of the rule under such circumstance need not be met. We would not by decision create such an exception to our rule. Indeed, it would seem to us when plea bargaining is suggested, all the greater the need for a judicial determination that the tendered plea of guilty is made voluntarily and with an understanding of the nature of the charge and the consequences flowing from the acceptance of such a plea."

The judgment is reversed and the cause remanded to the district court with directions to set aside the sentence and plea of guilty, and order the defendant to be rearraigned.