## No. 25097

**The People of the State of Colorado v. Ernest H. Colosacco**
(493 P.2d 650)

Decided February 7, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from a ruling of the Denver District Court refusing to vacate a plea of guilty which the defendant, Ernest H. Colosacco, contends was invalid.

On June 25, 1969, the defendant was charged with possession of counterfeit checks in violation of C.R.S. 1963, 40-6-4. On September 8, 1969, the defendant pleaded guilty to the charge, and was sentenced to the penitentiary.

■■ Critical to the decision in this case is the fact that the crime charged requires not only possession of the forged or counterfeit instruments with knowledge that they were counterfeit, but also *the intent to utter and pass the same with intent to defraud.*

At the arraignment, the trial judge advised that the nature of the charge was *possession of counterfeit notes knowing the same to be counterfeit.* He failed, however, to advise the defendant that the intent to utter and pass the notes with intent to defraud was an essential element of the charge.

The defendant now asserts that his plea is invalid. He contends that he was unaware, at the time he pleaded guilty, that the specific intent to utter and pass the notes was required; and that since he did not have a specific intent to utter and pass the notes he was therefore not guilty.

At the Crim. P. 35(b) hearing, the court called as a witness the attorney who had represented the defendant at the arraignment. He was not the attorney for the defendant at the 35(b) hearing. This attorney testified that he had gone through the charges with the defendant, but that they were not discussed element by element. He stated that he "thought" defendant knew the elements of the charge, but

critical to this case, he did not state that he told the defendant specifically that the charge included the intent to utter and pass the counterfeit notes with intent to defraud.

The attorney general has confessed error in this case, and we agree.

Of course, no guilty plea can be deemed valid unless a defendant understands the nature and elements of the crime with which he stands charged. We have pointed out repeatedly that the record must clearly show facts which manifestly indicate the defendant's knowledge. *People v. Mason,* 176 Colo. 544, 491 P.2d 1383; *People v. Riney,* 176 Colo. 221, 489 P.2d 1304 (1971); *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971); *Westendorf v. People,* 171 Colo. 123, 464 P.2d 866 (1970); *Martinez v. People,* 152 Colo. 521, 382 P.2d 990. One of the rules which we have provided to insure the validity of a guilty plea is Crim. P. 11, which requires the trial judge to determine that the defendant understands the nature of the offense with which he stands charged. Unfortunately, in this case, the explanation of the charge to the defendant at the arraignment lacked one of the critical elements of the offense.

Nor does the evidence at the 35(b) hearing aid the situation here. Defendant's former counsel at no time stated that he told defendant that specific intent to pass and utter the notes was an element of the crime. As in *Randolph, supra,* and *Mason, supra,* we have here only conclusions to establish that defendant knew the specific intent element of the crime. There are no facts in the record to establish this vital link in the chain. Moreover, when the state attempts to prove waiver it bears a heavy burden, and a silent record will not suffice.

We note that plea bargaining was involved in this case, and we therefore call attention to our comments in *Mason v. People, supra,* with regard to reinstating those charges dropped as a result of the plea bargain.

The judgment is reversed and the cause remanded with directions that the sentence and the plea of guilty be vacated

and the defendant arraigned in accordance with law.
MR. JUSTICE ERICKSON not participating.