## No. 24832

**The People of the State of Colorado v. Fletcher B. Cumby**
(495 P.2d 223)

Decided March 27, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Eugene C. Cavaliere, Assistant, for plaintiff-appellee.

Vincent Cristiano, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Fletcher B. Cumby, the defendant, pled guilty to first-degree murder on October 27, 1969, and was sentenced to life imprisonment. Mr. Cumby now seeks to vacate that plea and reinstate his "not guilty" plea on grounds that his "guilty" plea was not voluntarily and understandingly entered and on the further ground that the court which took his plea failed to comply with the mandatory requirements of Crim. P. 11(c). The Attorney General has confessed error and we agree.

The transcript of the arraignment at which Mr. Cumby entered his plea shows that the trial court inquired as to the voluntariness of the plea, explained the right to jury trial, informed the defendant of possible life imprisonment or death sentence, and ascertained that no promises had been made to him. However, the court did not properly explain the meaning of the charge and the full implication of the guilty plea. Crim. P. 11(c) provides:

*"Pleas of Guilty and Nolo Contendere.* The court shall not

accept a plea of guilty or a plea of nolo contendere without first determining that the defendant is advised of all the rights set forth in (b) of this Rule and also determining:

"(1) That the defendant understands the charge against him;

"(2) That the plea is voluntary on defendant's part and is not the result of undue influence or coercion on the part of anyone;

"(3) That he understands the right to trial by jury;

"(4) That he understands the possible penalty or penalties and the possible places of incarceration;

"(5) And that the defendant understands that the court will not be bound by any representations made to the defendant by anyone concerning the penalty to be imposed or the granting or the denial of probation."

In the instant case the explanation of the charge was limited to the wording of the information: "that. . . Fletcher B. Cumby did feloniously, willfully, and of his premeditated malice aforethought, kill and murder one Dorothy May Sanders. . . ." This court has consistently held that prior to the acceptance of a guilty plea the trial court must be assured that the defendant is fully aware of the consequences of his act. *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650; *People v. Mason,* 176 Colo. 544, 491 P.2d 1383; *People v. Riney,* 176 Colo. 221, 489 P.2d 1304; *People v. Randolph,* 175 Colo. 454, 488 P.2d 203.

Further, we have held that this requirement is not met unless the critical elements of the crime charged are explained in terms which are understandable to the defendant and unless the meaning of a guilty plea is explained in relation to each of the elements. *People v. Colosacco, supra.* Here there was no explanation of the all important intent requirement.

The judgment is reversed and the cause remanded for further proceedings with directions that the judgment of conviction and sentence be vacated and that the defendant be permitted to withdraw his plea of guilty.

Judgment reversed.