No. 25439

**The People of the State of Colorado v. Omar Gleason**
(502 P.2d 69)

Decided October 30, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Omar Gleason, after pleading guilty to statutory rape, moved to withdraw that plea and enter a plea of not guilty. His motion was denied and he was sentenced to the penitentiary.

On appeal, the defendant urges reversal on the ground that the trial court abused its discretion in denying his motion for withdrawal of his guilty plea, since the guilty plea was not made with an understanding of the nature and elements of the crime. The thrust of the defendant's argument is that the court failed to comply with Crim. P. 11. The answer brief of the Attorney General advises us that the trial court did not comply with the requirements of Crim. P.

11 and states that the judgment should therefore be reversed.

The Attorney General's advice is supported by the record. We therefore reverse the trial court's judgment and remand this cause for further proceedings including the rearraignment of this defendant.

■ In *Martinez v. People,* 152 Colo. 521, 382 P.2d 990 (1963), we discussed the requirements of Crim. P. 11 and with reference thereto held:

"The acceptance of a plea of guilty depends upon the fulfillment of certain conditions. Absent the fulfillment of these conditions, there can be no acceptance of a plea of guilty under this rule."

■ The duty of the trial court under Crim. P. 11 was further explained in *People v. Cumby,* 178 Colo. 31, 495 P.2d 223 (1972). Referring specifically to the need for a determination of defendant's knowledge and understanding of the charge's elements which was lacking in the instant case, we held in *Cumby:*

". . . that this requirement is not met unless the critical elements of the crime charged are explained in terms which are understandable to the defendant and unless the meaning of a guilty plea is explained in relation to each of the elements."

*See also People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972); *People v. Mason,* 176 Colo. 544, 491 P.2d 1383 (1971); *People v. Riney,* 176 Colo. 221, 489 P.2d 1304 (1971); and *People v. Randolph,* 175 Colo. 454, 488 P.2d 203 (1971) for analogous holdings.

The judgment is reversed and this cause is remanded for further proceedings consonant with the directions herein set forth.