## No. 25633

**The People of the State of Colorado v. Michael E. Pauldino**

(528 P.2d 384)

Decided November 25, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Natalie S. Ellwood, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Defendant Pauldino, after extensive plea bargaining and after

four days into a trial before a jury, asked the court to terminate the trial and entered a plea of guilty to conspiracy to commit burglary. He was sentenced to from 6 to 7 years in the state penitentiary.

Defendant seeks review of his sentence and appeals a ruling of the court denying a motion to vacate his guilty plea. We affirm.

I.

As to the sentence, defendant requests we remand the cause to the trial court for reconsideration or reduce the sentence as being excessive. He points to lower minimum sentences given co-defendants and also to the fact that the court assigned no reason for imposition of the sentence.

We find no basis for ordering or remanding for different sentence. There is no Colorado authority cited and none of which we are aware that requires the court to assign his reasons for imposing a sentence. The matter of punishment for each of co-defendants is discretionary with the trial court within the statutory limits based on degree of involvement, previous record and rehabilitative needs of each. We have no record before us concerning the other defendants. The presentence report on this defendant shows one previous state felony conviction and two convictions on federal charges, for one of which he was in Federal penitentiary at Leavenworth at the time of the sentence. In addition there was a record of at least eight convictions for which he was fined or imprisoned in various jails. The sentence which could have been as high as 9 to 10 years in the state penitentiary does not shock the conscience of the court. *People v. Lichtenwalter,* 184 Colo. 340, 520 P.2d 583 (1974).

II.

As grounds for setting aside his guilty plea, defendant claims he was not made aware of the nature of the charge by the court. We disagree.

It is true the trial court did not specifically explain in detail the elements of the crime of burglary on which defendant admitted the conspiracy count. Nevertheless, the information was read to him in which the count charges he and other defendants did "wilfully break and enter, and without force enter, the building * * * with intent then and there to commit the crime of theft."

No more full explanation of the substantive crime could be given than the charge itself and defendant answered "yes" to the court's question whether he understood the charge to which he was pleading. *People v. Edwards,* 186 Colo. 129, 526 P.2d 144 (1974).

## III.

Defendant's claim to have been induced to enter the plea by promises of leniency was not supported by evidence at the hearing. When he tendered the plea, he told the court he was aware that he could receive up to 10 years in prison and that no promises had been made to him. Defendant's trial counsel testified that he did tell defendant that there was the possibility of a "low sentence, perhaps three to four or four to six years." Such advice by defendant's counsel is not binding on the court. *People v. Marsh,* 183 Colo. 258, 516 P.2d 431 (1973); *People v. McClellan,* 183 Colo. 176, 515 P.2d 1127 (1973).

## IV.

One other claim of undue delay of almost five months between the entry of the plea and passing of sentence is of no merit because the court pointedly credited defendant with 133 days — covering all but 12 days of the 145 day delay.

Judgment affirmed.

MR. JUSTICE ERICKSON does not participate.