593 P.2d 972 (1979)
James HEMPHILL, Petitioner,
v.
The DISTRICT COURT IN AND FOR the 2ND JUDICIAL DISTRICT and State of Colorado, and the Honorable Gilbert A. Alexander, One of the Judges Thereof, Respondents.
No. 79SA118.
Supreme Court of Colorado, En Banc.
April 30, 1979.
*973 J. Gregory Walta, Colorado State Public Defender, Craig L. Truman, Chief Deputy State Public Defender, Alex J. Martinez, Deputy State Public Defender, Denver, for petitioner.
No appearance for respondents.
HODGES, Chief Justice.
This is an original proceeding in which the petitioner, James Hemphill, seeks a writ directing the respondents to allow the warden of the Denver County jail to exercise his discretion in deducting good time from the petitioner's sentence. We issued a rule to show cause, and ordered the release of the petitioner pending review of the issue presented. We now make the rule absolute.
The petitioner was convicted of a class three misdemeanor and sentenced to the Denver County jail for a term of six months "flat." After five months, the petitioner had accumulated enough good time to permit his immediate release were it not for the trial court's "flat" time sentence.
A convicted defendant's punishment is discretionary with the trial court within statutory limits. People v. Pauldino, 187 Colo. 61, 528 P.2d 384 (1974); People v. Jones, 176 Colo. 61, 489 P.2d 596 (1971). Section 17-26-109, C.R.S.1973 (1978 Repl. Vol. 8) provides that "[e]very person who is sentenced to and imprisoned in any county jail of this state . . . and who performs faithfully the duties assigned to him during his imprisonment therein is entitled to a deduction from the time of his sentence of two days in each month." It is not within the power of the sentencing court to impose a sentence which denies to one imprisoned in the county jail the benefits of this statute. The obvious effect of this statute is to proscribe the imposition of a "flat" time sentence which denies a defendant his statutory right to a reduction from the time of his sentence for good behavior. The so-called "flat" sentence imposed here has no statutory meaning or validity.
The rule is made absolute.
CARRIGAN, J., does not participate.