William WATKINS, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 81SC82.

Supreme Court of Colorado, En Banc.

Dec. 20, 1982.

Rehearing Denied Jan. 10, 1983.

J. Gregory Walta, Colorado State Public Defender, James England, Deputy State Public Defender, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., R. Michael Mullins, Asst. Atty. Gen., Denver, for respondent.

QUINN, Justice.

We granted certiorari to review an unpublished decision of the court of appeals which affirmed the adjudication of the petitioner William Watkins (defendant) as an habitual criminal. The court of appeals held that the trial court properly denied the defendant's motion to suppress two prior felony convictions which served as the predicate for the habitual criminal adjudication. We conclude that one of these convictions, a 1974 conviction for conspiracy to commit escape,[1] was based upon a constitutionally infirm plea of guilty. We therefore reverse the judgment and remand the case for resentencing.

## I.

The defendant was charged in the trial court with aggravated robbery,[2] conspiracy to commit aggravated robbery,[3] menacing,[4] and habitual criminality.[5] The habitual

---

1. C.R.S.1963, 40–2–201 (1971 Perm.Supp.).

2. Section 18–4–302, C.R.S.1973 (1978 Repl.Vol. 8).

3. Section 18–2–201, C.R.S.1973 (1978 Repl.Vol. 8).

4. Section 18–3–206, C.R.S.1973 (1978 Repl.Vol. 8). The defendant was also charged in a separate count with the commission of a crime of violence by the use of a deadly weapon during the commission of aggravated robbery. A conviction of this charge required the imposition of the minimum sentence authorized for aggrava-

ted robbery, without suspension. Section 16–11–309, C.R.S.1973 (1978 Repl.Vol. 8).

5. An "habitual criminal" is a person who is convicted of a felony for which the maximum penalty prescribed by law exceeds five years and who, within the preceding ten years, was twice previously convicted of separate felonies, or has been three times previously convicted of separate felonies. Section 16–13–101, C.R.S. 1973 (1978 Repl.Vol. 8 and 1982 Supp.). A person adjudicated an habitual criminal on the basis of two previous felony convictions within ten years of the commission of the substantive crime shall be punished by confinement for a

criminal counts consisted of a 1969 conviction for second degree burglary, a 1971 conviction for aggravated robbery and a 1974 conviction for conspiracy to commit escape by a felon. At the conclusion of the first phase of the bifurcated trial, the jury returned guilty verdicts to all substantive charges. During the second or habitual criminal phase of the trial the defendant moved to suppress his prior convictions on the ground that they were the result of constitutionally defective pleas of guilty. In support of his motion the defendant offered and the court received into evidence transcripts of the providency hearings on the prior pleas of guilty.

The transcript of the providency hearing of the 1974 conviction, which is critical to this appeal, disclosed that the prosecutor in that case agreed to accept a guilty plea to the crime of conspiracy to commit escape in exchange for the dismissal of all other pending counts.[6] The transcript disclosed that the district attorney read in open court the proposed count which stated as follows:

"A.L. Herrman, Jr., District Attorney, in the name and by the authority of the People of the State of Colorado further informs the Court that on this 8th day of July, A.D.1973, in the County of Jefferson, State of Colorado, William Tyrone Watkins, with the intent to promote and facilitate a commission of the crime of escape as defined by 40–8–208, as amended, C.R.S.1963, did unlawfully, feloniously agree with [a] person or persons to the District Attorney unknown that one or more of them would engage in conduct which constitutes said crime and an attempt to commit said crime, and did agree to aid such other person or persons in the planning and commission and attempted commission of said crime, and did commit an overt act in pursuance of such conspiracy, contrary to the form of the statute in such case made and provid-

ed against the peace and dignity of the People of the State of Colorado."

The court thereafter advised the defendant of the rights he was waiving by pleading guilty and then inquired of the defendant as follows:

"THE COURT: ... Mr. Watkins, in this fourth count it is alleged that you conspired with others to commit the crime of escape or to attempt to commit the crime of escape. Do you understand the nature of the charge that is involved in this fourth count?

"MR. WATKINS: Yes, your Honor, I do."

No further explanation of the crime or its elements was given to the defendant. After advising the defendant of the possibility of a five to forty year sentence for the crime, the court accepted the plea.

The trial court in the instant case suppressed the defendant's 1969 conviction for second degree burglary but denied suppression of the other two felony convictions. The jury returned verdicts finding the defendant a twice previously convicted felon as charged in the two habitual criminal counts. The court sentenced the defendant to concurrent terms of thirty to thirty-five years for aggravated robbery, an indeterminate term not to exceed eight years for conspiracy to commit aggravated robbery, an indeterminate term not to exceed four years for felony menacing, and a term of thirty to thirty-five years for habitual criminality. On appeal the court of appeals rejected the defendant's claim with respect to the 1974 guilty plea. After noting that the record of the providency hearing showed an affirmative response by the defendant to the trial court's inquiry whether he understood the nature of the charge, the court of appeals summarily concluded: "[the] defendant's contention that his plea

---

term of not less than 25 nor more than 50 years. Section 16–13–101(1), C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.). If the adjudication of habitual criminality is on the basis of three prior felony convictions, then the punishment is life imprisonment. Section 16–13-

101(2), C.R.S.1973 (1978 Repl.Vol. 8 and 1982 Supp.).

6. The other pending counts consisted of one count of escape, C.R.S.1963, 40–8–208 (1971 Perm.Supp.), and two counts of habitual criminality, C.R.S.1963, 39–13–1.

was invalid because the court did not explain the nature of the charge and the elements of the offense is also without merit."

The defendant assigns as error the trial court's refusal to suppress the 1971 and 1974 felony convictions. He asserts that both convictions were obtained in violation of due process of law, *U.S. Const.* Amend. XIV; *Colo. Const.* Art. II, Sec. 25. We agree that the 1974 conviction for conspiracy to commit escape was based upon a constitutionally defective plea of guilty and, in view of this disposition, we find it unnecessary to consider the validity of the 1971 conviction.[7]

## II.

■ A prior conviction obtained in violation of a constitutional right of the accused cannot be used in a subsequent criminal proceeding to support guilt or to enhance punishment. *See, e.g., Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972); *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *People v. Quintana,* 634 P.2d 413 (Colo.1981); *People v. Roybal (Roybal I),* Colo., 618 P.2d 1121 (1980); *People v. Roybal (Roybal II),* Colo., 617 P.2d 800 (1980). A plea of guilty involves a waiver of several constitutional rights, *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *People v. Meyers,* Colo., 617 P.2d 808 (1980), and if a conviction based upon a guilty plea is to satisfy constitutional requirements of admissibility the record must establish that the plea was voluntarily and understandingly made, *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); *Roybal II, supra.* An understandingly made plea of guilty requires that the record affirmatively show the defendant's understanding of the critical elements of the crime to which the plea is tendered. *E.g., People v. Meyers, supra; People v. Gorniak,* 197 Colo. 289, 593 P.2d 349 (1979); *People v. Gleason,* 180 Colo. 71, 502 P.2d 69 (1972); *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972). Our prior cases hold that, to satisfy this requirement, the court should explain the critical elements "in terms which are understandable to the defendant." *People v. Cumby,* 178 Colo. 31, 33, 495 P.2d 223, 224 (1972); *see also, e.g., People v. Riney,* 176 Colo. 221, 489 P.2d 1304 (1971) ("such an explanation and a determination by the trial judge that the accused understands the nature of the charge is required by ... the Constitution of the United States"). Even where the record shows defense counsel has given some explanation to his client of the count to which the plea of guilty is tendered, we have held that this showing by itself does not constitute the type of demonstration sufficient to justify the conclusion that the defendant knew the critical elements of the charge when the plea of guilty was entered. *People v. Mason, Jr.,* 176 Colo. 544, 491 P.2d 1383 (1971).

■ In attacking the constitutional validity of a prior conviction in habitual criminal proceedings, the defendant must make a prima facie showing that the challenged conviction was unconstitutionally obtained. *People v. Quintana, supra; see also People v. Mascarenas,* 632 P.2d 1028 (Colo.1981); *People v. Shaver,* 630 P.2d 600 (Colo.1981); *Roybal I, supra.* A prima facie showing in the context of this case means evidence which, when considered in a light most favorable to the defendant with all reasonable inferences drawn in his favor, will permit the court to conclude that the defendant's plea of guilty was not understandingly made. *See People v. Quintana, supra; People v. Mascarenas, supra; People v. Shaver, supra.* Once a prima facie showing is made, the conviction is not admissible unless the prosecution establishes by a preponderance of the evidence that the conviction was obtained in accordance with the defendant's constitutional rights. *Id.*

7. Our resolution of this issue also renders it unnecessary to consider the defendant's other contention, namely, the alleged insufficiency of the prosecution's evidence to establish his identity as the person who was convicted in the 1971 and 1974 proceedings.

### III.

The admissibility of the defendant's 1974 conviction must be evaluated in light of the foregoing principles. The transcript of the 1974 providency hearing, at which the defendant pled guilty and on the basis of which a judgment of conviction was entered, fails to show that the court explained any of the elements of the crime of conspiracy to commit escape by a felon. The defendant's response of "yes" to the court's question whether he understood "the nature of the charge that is involved in this fourth count" is not, in our view, the substantive equivalent of a meaningful understanding of the critical elements of that charge.

The crime of conspiracy is a crime of specific intent and its elements are not readily understandable without further explanation. See People v. Sanders, 185 Colo. 356, 524 P.2d 299 (1974) (defendant's assertion that he understood the charge of assault to rob not sufficient to establish an understandingly made plea). The charge to which the defendant pled included the following critical elements: (1) with the specific intent to promote or facilitate the commission of the crime of escape by a felon; (2) agreeing with one or more persons that one or more of them would engage in conduct constituting either the crime of escape by a felon or an attempt to do so; and (3) the commission of an overt act in pursuance of the conspiracy. C.R.S.1963, 40–2–201 (1971 Perm.Supp.). The record contains no showing that any of these elements were explained to the defendant prior to his plea. Moreover, conspiracy has legal significance only with respect to some other crime which is the object of the conspiracy. See, e.g., People v. Pleasant, 182 Colo. 144, 511 P.2d 488 (1973); Olde v. People, 112 Colo. 15, 145 P.2d 100 (1944). On the date of the conspiracy charged in the added count, the crime of escape by a felon required that the defendant, with the specific intent to evade the due course of justice, escape from custody or confinement resulting from a sentence imposed for a felony other than a class 1 or 2, C.R.S.1963, 40–8–208.[8] There was no effort by the trial court here to explain even in a general way the crime which was the alleged object or purpose of the conspiracy. In summary, the transcript of the 1974 providency hearing falls far short of establishing the defendant's understanding of the critical elements of the crime to which he pled guilty. See, e.g., People v. Meyers, supra; People v. Brown, 187 Colo. 244, 529 P.2d 1338 (1974); People v. Gleason, supra; People v. Cumby, supra; People v. Colosacco, supra.

Due to the inadequacy of the 1974 providency hearing the defendant sustained his initial burden of making a prima facie showing that his plea of guilty was not understandingly made. Under these circumstances it was incumbent upon the prosecution, as a condition precedent to admissibility of the defendant's conviction, to establish by a preponderance of the evidence that the defendant's guilty plea was under-

---

8. On July 8, 1973, the definition of the crime of escape by a felon, as found in C.R.S.1963, 40–8–208 (1971 Perm.Supp.), was as follows:

"(1) A person commits a class 2 felony if, while being in custody or confinement under a sentence following conviction of a class 1 or class 2 felony, he escapes from said custody or confinement.

"(2) A person commits a class 3 felony if, while being in custody or confinement under a sentence following conviction of a felony other than a class 1 or class 2 felony, he escapes from said custody or confinement.

"(3) A person commits a class 4 felony if, while being in custody or confinement and held for or charged with but not convicted of a felony, he escapes from said custody or confinement."

Although no culpable mental state was included within the statute, C.R.S.1963, 40–1–104(3) (1971 Perm.Supp.), provided that case law could be used as an aid in interpreting the criminal code, and this court held in Gallegos v. People, 159 Colo. 379, 411 P.2d 956 (1966), that the specific intent of the accused to evade the due course of justice is a necessary element in a felony escape. Additionally, C.R.S.1963, 40–1–603(2) (1971 Perm.Supp.), provided that a culpable mental state could be required for the commission of an offense even if the statute did not expressly designate a culpability element. The escape statute was amended in 1977 so as to require the culpability element of "knowingly." Colo.Sess. Laws 1977, ch. 224, 18–8–208 at 966.

standingly made. The prosecution, however, offered no evidence whatever to support the constitutional validity of the defendant's plea of guilty. The court therefore erred in denying the defendant's motion to suppress the 1974 felony conviction and, for this reason, we reverse the judgment adjudicating the defendant an habitual criminal.[9]

## IV.

The habitual criminal statute has the effect of increasing the penalty for the substantive felony to a term of not less than twenty-five nor more than fifty years in the case of a defendant found to have been twice previously convicted of a felony. Section 16–13–101(1), C.R.S.1973 (1978 Repl. Vol. 8 and 1982 Supp.); *see Wright v. People,* 116 Colo. 306, 181 P.2d 447 (1947). In this case the trial court imposed separate concurrent sentences on each substantive felony, including a thirty to thirty-five year sentence for aggravated robbery as well as

a thirty to thirty-five year sentence for habitual criminality. We are unable to determine from the record whether the trial court would have imposed the thirty to thirty-five year sentence for aggravated robbery in the absence of an adjudication of the defendant as an habitual criminal.[10] Under these circumstances we believe it appropriate to return the case to the trial court for resentencing on the crime of aggravated robbery.

The judgment is reversed and the cause is remanded to the court of appeals with directions to return the case to the district court for resentencing.

ROVIRA, J., dissents.

HODGES, C.J., joins in the dissent.

ROVIRA, Justice, dissenting:

I respectfully dissent.

The transcript of the 1974 hearing reveals that the defendant was charged with escape

---

**9.** One of the counts originally filed against the defendant and dismissed as a result of the plea agreement charged the defendant with escaping from custody or confinement while "under a sentence following a conviction for Robbery." We, however, attach no significance to this fact. Just as an accused's presence in court at prior proceedings does not furnish the understanding necessary to a constitutionally valid plea of guilty, *People v. Murdock,* 187 Colo. 418, 532 P.2d 43 (1975), so too a general awareness of the original charge is not an adequate substitute for knowledge of the critical elements of some related but different offense to which the plea of guilty is entered.

Nor does the fact of plea bargaining have any significance to the constitutional requirement of an understandingly made plea. As this court observed in *Westendorf v. People,* 171 Colo. 123, 126, 464 P.2d 866, 868 (1970):

"[I]t is suggested that because the record 'smacks of plea bargaining' the requirement of the rule under such circumstance need not be met. We would not by decision create such an exception to our rule. Indeed, it would seem to us when plea bargaining is suggested, all the greater the need for a judicial determination that the tendered plea of guilty is made voluntarily and with an understanding of the nature of the charge and the consequences flowing from the acceptance of such a plea."

**10.** Aggravated robbery is a class 3 felony, 18–4–302(3), C.R.S.1973 (1978 Repl.Vol. 8). On

December 27, 1978, the date of the substantive offenses, aggravated robbery carried a maximum penalty exceeding five years. It therefore qualified as a substantive felony capable of supporting an habitual criminal adjudication and an enhanced sentence of 25 to 50 years. In resentencing the defendant on his conviction for aggravated robbery the court should take into consideration the defendant's other conviction at trial of a crime of violence. *See* note 4, *supra.* The crime of conspiracy to commit aggravated robbery also carried a maximum penalty exceeding five years, section 18–2–206(1), C.R.S.1973 (1978 Repl.Vol. 8), and likewise qualified as a substantive felony under the habitual criminal statute. However, the court's concurrent sentence to an indeterminate term not to exceed eight years for the conspiracy conviction clearly indicates that this conviction was not employed as the basis for the habitual criminal sentence. The conspiracy sentence, in other words, was imposed quite independently of the habitual criminal adjudication. Under these circumstances resentencing on the conspiracy conviction is unnecessary. The crime of felony menacing is a class 5 felony, section 18–3–206, C.R.S.1973 (1978 Repl.Vol. 8). Since it did not carry a maximum penalty exceeding five years, it did not qualify as a substantive felony under the habitual criminal statute. Resentencing on felony menacing is, therefore, also unnecessary.

and two counts of habitual criminal. On the morning of March 18, 1974, the day before his trial was to begin, the defendant, along with his counsel, a deputy public defender, appeared in court. Defendant's counsel advised the trial judge that a plea bargain had been agreed to and that the defendant would enter a plea of guilty to a charge of conspiracy to escape. Defense counsel advised the court that in return for the defendant's plea of guilty the district attorney had agreed to dismiss the three charges pending against the defendant.

The matter was continued until later in the afternoon. The defendant, at the request of his counsel, was given the opportunity to contact certain people who had planned to be at his trial the next day.

At the afternoon session, the district attorney tendered a fourth count to the information, conspiracy to commit escape by a felon, and this fourth count was read to the defendant. Defendant's counsel again advised the court that a plea bargain had been entered into, that "the charge itself probably does not have a factual basis to sustain a conviction to this fourth count but due to the fact that there are other charges to be dismissed which carry severe penalties, Mr. Watkins is desirous of tendering a plea to the fourth count."

Defense counsel further stated that he had advised his client as to the possible penalty and stated, "I think Bill is intelligent and understands what is going on and is prepared to tender a plea of guilty to the fourth count." [1]

The trial court then said, "Mr. Watkins, in this fourth count it is alleged that you conspired with others to commit the crime of escape or to attempt to commit the crime of escape. Do you understand the nature of the charge that is involved in this fourth count?" The defendant responded by answering, "Yes, your Honor, I do." The de-

fendant also acknowledged that the plea was voluntary, that he understood his right to a trial by jury, and he wished to waive that right, that he was aware that he could be sentenced from five to forty years in the penitentiary and the likelihood of probation was nil.

Defense counsel then advised the court that there was no factual basis to sustain the charge of conspiracy, because the charge was based on a plea bargain, but there were facts to substantiate the charge of escape. He told the court that the defendant while at Camp George West Honor Unit had walked out the front gate and was gone about a month before he was arrested. Based on the foregoing information, the trial court accepted the defendant's plea of guilty.

The defendant, again represented by the State Public Defender, now argues that the 1974 plea should be set aside because the nature and elements of the charged offense were insufficiently explained. Nowhere in their brief do they allege that the defendant did not understand the elements and nature of the conspiracy charge.[2] Their argument rests solely on their claim that the trial judge never explained or asked the defendant if he understood the elements of the crime.

In my view, the majority opinion elevates form over substance. Satisfaction of Crim.P. 11 does not require a prescribed ritual. What is required is that the substance of the circumstances surrounding the plea should prevail over form.

Under the circumstances that existed at the time of the 1974 plea, I find it difficult to accept the defendant's argument that he was deprived of his constitutional rights. Here, the day before his trial, the defendant was able to negotiate a plea bargain that allowed him to avoid a trial on the offense of escape and habitual criminal. Paren-

---

1. The defendant was not an inexperienced youthful offender. He had been convicted in 1969 of second-degree burglary and in 1971, pursuant to a plea bargain arrived at during the course of a trial, had entered a plea of guilty to robbery with a dangerous weapon.

2. The defendant did not testify concerning the 1974 advisement. He relies solely on the Reporter's Transcript of that hearing to support his argument that the advisement was inadequate because the nature and elements of the charged offense were insufficiently explained.

thetically, it should be noted that his escape was admitted at the time of his advisement. Further, he was represented by able counsel, and, as previously noted, at no time has it been alleged or argued that the defendant did not understand the charge which was filed as a result of the plea bargain which he knowingly and voluntarily entered into.

The substance of the circumstances surrounding the plea indicates that it was voluntarily made with a clear understanding of the elements and nature of the charge. *People v. Edwards,* 186 Colo. 129, 526 P.2d 144 (1974).

In *People v. Pauldino,* 187 Colo. 61, 64, 528 P.2d 384, 386, decided in 1974, we noted that the trial court:

"did not specifically explain in detail the elements of the crime of burglary on which defendant admitted the conspiracy count. Nevertheless, the information was read to him in which the count charges he and other defendants did 'wilfully break and enter, and without force enter, the building * * * with intent then and there to commit the crime of theft.' No more full explanation of the substantive crime could be given than the charge itself and defendant answered 'yes' to the court's question whether he understood the charge to which he was pleading."

In my opinion, the rationale of *Pauldino* should be followed here and the defendant's claim for relief denied. I would affirm the judgment of the court of appeals.

HODGES, C.J., joins in this dissent.

