**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Rudy Anthony BERNARD, Defendant-Appellee.**

**No. 80SA456.**

Supreme Court of Colorado, En Banc.

Jan. 10, 1983.

---

Dale Tooley, Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellant.

Larry Steven Pozner, Denver, for defendant-appellee.

HODGES, Chief Justice.

The trial court granted defendant Bernard's motion pursuant to Crim.P. 35(c) to reduce his 25–35 year sentence as an habitual criminal on the ground that a 1973 burglary conviction was invalid. On appeal, the People assert that the trial court erred. We agree and therefore reverse.

Defendant Bernard was charged with burglary on four separate occasions prior to 1977 and pled guilty to each of those charges. The defendant was again charged in 1977 with second-degree burglary and, in addition, with four counts under the habitual criminal statute for the above mentioned burglaries. In 1978, while the 1977 charges were still pending, the defendant garnered his sixth burglary charge.

After this final charge, the defendant entered a comprehensive plea agreement whereby he pled guilty to the 1977 burglary charge and to two of the habitual criminal counts, based on a 1975 and a 1973 burglary conviction. The remaining habitual criminal counts and the 1978 burglary charge were all dismissed. The defendant was thereupon sentenced to a term of 25 to 35 years as an habitual criminal.

Two years later, in May of 1980, defendant moved for reduction of sentence pursuant to Crim.P. 35(b) [now 35(c)], alleging that the 1978 habitual criminal conviction was invalid because it was based on an improper plea of guilty to the 1973 burglary charge. The trial court agreed with the defendant's assertion that the 1973 plea is defective because he was not specifically advised of the elements of the ulterior crime of theft, and set aside the 1973 burglary conviction. The trial court then revised the sentence imposed under the habitual criminal statute because the requisite number of convictions were no longer present. This ruling of the trial court is erroneous and its judgment is therefore reversed.

The rationale of *People v. Pauldino,* 187 Colo. 61, 528 P.2d 384 (1974), is fully applicable here. In that case the trial court:

" . . . did not specifically explain in detail the elements of the crime of burglary on which defendant admitted the conspiracy count. Nevertheless, the information was read to him in which the count charges he and other defendants did 'willfully break and enter, and without force enter, the building * * * with intent then and there to commit the crime of theft.' No more full explanation of the substantive crime could be given than the charge itself and defendant answered 'Yes' to the court's question whether he understood the charge to which he was pleading."

Accordingly, this court refused to set aside defendant Pauldino's plea of guilty.

We note from the record that defendant Bernard responded affirmatively when asked at the 1973 providency hearing whether he "did unlawfully, feloniously and knowingly break into and enter and remain unlawfully [in] a building of Loren Peckman . . . with intent to commit the crime of theft in that building." (Reporter's Transcript, Hearing of November 8, 1973, page 3). This inquiry was virtually identical to that in *Pauldino.* In addition, however, in this case defendant Bernard, with the advice of counsel reconfirmed his 1973 plea at a providency hearing in 1978. By this time he had been fully informed on three occasions of each of the elements of burglary and theft. Under these particular circumstances, it is difficult to conceive of any valid basis for relieving the defendant of his 1973 plea of guilty to the burglary charge.

We would also point out that under the 1978 plea agreement, Bernard received a substantial benefit by pleading guilty to the 1973 charge of burglary. As a result, the People agreed to dismiss two other counts under the habitual criminal statute as well as the 1978 burglary charge. Bernard thereby avoided a probable life sentence under the habitual criminal statute. Under these circumstances, the defendant's current request for relief rings hollow. If he ever had a serious objection to the 1973 plea, this fact should have been made known long before he used the plea as a tool for avoiding a more serious conviction. As we stated in *People v. Canino,* 181 Colo. 207, 508 P.2d 1273 (1973), under a similar fact situation, it would be the height of sophistry to vacate the defendant's plea of guilty.

The following cases relied upon in the defendant's brief are clearly distinguishable and none are applicable here. *People v. Colosacco,* 177 Colo. 219, 493 P.2d 650 (1972); *People v. Cumby,* 178 Colo. 31, 495 P.2d 223 (1972); *People v. Sanders,* 185 Colo. 356, 524 P.2d 299 (1974); and *People v. Brown,* 187 Colo. 244, 529 P.2d 1338 (1974). None of these cases involved a burglary charge. In *Cumby* and *Sanders,* the trial court failed to explain the technical terms of "premeditated malice aforethought" and "assault to rob," respectively. Further, in the latter case the defendant testified that he did not understand the elements of the crime he was charged with and that he was only following his attorney's instructions. In *People v. Brown, supra,* the trial court admitted on the record that no explanation was given defendant on the elements of the charge. And in *Colosacco,* where the defendant was charged with possession of counterfeit checks, the trial court completely omitted any reference to the critical element of intent to utter and pass the notes with intent to defraud.

We do not decide here whether the 1973 plea of guilty, standing alone and timely challenged, should have been vacated.

The judgment of the trial court is reversed.

DUBOFSKY, J., specially concurs.

QUINN, J., does not participate.

DUBOFSKY, Justice, specially concurring:

I specially concur in the judgment. On December 20, 1982, a majority of this Court ruled in *Watkins v. People,* 655 P.2d 834, that an "understandingly made plea of guilty requires that the record affirmatively show the defendant's understand-

ing of the critical elements of the crime to which the plea is tendered," and that, "to satisfy this requirement, the court should explain the critical elements 'in terms which are understandable to the defendant.' *People v. Cumby,* 178 Colo. 31, 33, 495 P.2d 223, 224 (1972)." At 837. In *Watkins,* the trial court failed to explain any of the elements of the crime of conspiracy to commit escape by a felon.

Although the court here did not specifically advise the defendant of the elements of the ulterior crime of theft at the time the 1973 plea to burglary was taken, the defendant reconfirmed his 1973 plea at a providency hearing in 1978. By then, he had been informed on three occasions of the elements of burglary and theft. Because of the particular facts of this case, I think it is distinguishable from *Watkins v. People,* and therefore I concur with the result reached by the majority.

