**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Mario Carlos REYES, Defendant-Appellant.**

No. 84CA0298.

Colorado Court of Appeals, Div. II.

Aug. 29, 1985.

Rehearing Denied Sept. 19, 1985.

Certiorari Denied (Reyes) Feb. 10, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Douglas R. Manley, LaJunta, for defendant-appellant.

BERMAN, Judge.

Defendant, Mario Carlos Reyes, appeals the denial of his Crim.P. 35(c) motion to vacate a guilty plea which he contends was not made knowingly and understandingly. We affirm.

On February 27, 1975, defendant was charged with second degree burglary and was advised pursuant to Crim.P. 5. At a providency hearing on March 19, 1975, defendant, pursuant to a plea agreement, pled guilty to forgery and was sentenced to an indeterminate term not to exceed three and one-third years. Defendant was represented by counsel at the providency hearing.

On March 18, 1983, defendant was charged with kidnapping, sexual assault, committing a violent crime, and being an habitual offender. One of the habitual offender counts was based on the 1975 forgery conviction.

On January 23, 1984, defendant brought a Crim.P. 35(c) motion to vacate his 1975 guilty plea. The motion was heard and denied by the trial court.

Defendant asserts on appeal that his 1975 guilty plea was constitutionally invalid because the court did not advise him of the elements of second degree forgery at the providency hearing. We conclude that there was sufficient compliance with the requirements of Crim.P. 11(b) because the court, at the providency hearing, asked the defendant if he remembered and understood the elements of second degree forgery as explained in detail by the same court at the advisement hearing three weeks earlier, and the defendant replied affirmatively.

A prior conviction obtained in violation of the defendant's constitutional rights cannot be used in a subsequent criminal proceeding to enhance punishment. *Watkins v. People*, 655 P.2d 834 (Colo. 1982). A guilty plea involves a waiver of several constitutional rights and to withstand constitutional challenge the record must establish that the plea was voluntarily and understandingly made. *Watkins v. People, supra*. This requires that the record affirmatively show the defendant's understanding of the critical elements of the offense to which the plea is entered. *Watkins v. People, supra*. However, the absence of evidence in the record at the providency hearing to support the trial court's finding that the conviction was constitutionally obtained is not fatal if the People cure the deficiency by offering evidence at the Crim.P. 35(c) hearing which establishes that the defendant's guilty plea was knowingly and understandingly made. *People v. Lesh*, 668 P.2d 1362 (Colo.1983).

When a defendant collaterally attacks the constitutionality of a prior convic-

tion to prevent its use to enhance punishment for another conviction, he must make a prima facie showing that the challenged conviction was unconstitutionally obtained, after which the prosecution must establish by a preponderance of the evidence that the conviction was obtained in accordance with the defendant's constitutional rights. *People v. Quintana,* 634 P.2d 413 (Colo. 1981).

 Crim.P. 11 is designed to aid the court in making an accurate determination of the constitutional validity of guilty pleas, and prohibits the acceptance of a guilty plea without first determining that it is made voluntarily and understandingly. *People v. Leonard,* 673 P.2d 37 (Colo.1983). However, a formalistic recitation by the trial court is not constitutionally required. *People v. Lesh, supra.* Hence, the trial court's failure to readvise defendant of the elements of the crime at the providency hearing is not fatal to the conviction if it can be determined that defendant's guilty plea was knowingly and understandingly made.

Here, the record of the advisement hearing demonstrates that the trial court specifically explained to defendant each of the elements of second degree forgery. The court asked defendant if he understood the charge and defendant replied affirmatively. The court also informed defendant that any plea he chose to make must be voluntary. Defendant was further advised of his other rights pursuant to Crim.P. 5, and defendant told the court that he had no questions about his rights.

Twenty days later, at the providency hearing at which defendant was represented by counsel, the court engaged in the following colloquy with defendant:

"COURT: I advised you of your rights on February 27, do you remember that?
DEFENDANT: I do, your Honor.
COURT: Do you remember me telling you about the elements of second degree Forgery and what it consisted of?
DEFENDANT: I do, your Honor.
COURT: Do you understand that charge?

DEFENDANT: Yes, Sir, I do."
The court then advised defendant of the other rights that he would be waiving by pleading guilty and questioned defendant as to the voluntariness of his plea.

Under these circumstances, we are satisfied that defendant's 1975 guilty plea was constitutionally obtained.

 Defendant's contention that the advisement of the elements of second degree forgery at the Crim.P. 5 hearing cannot be considered because he was not represented at that time by counsel is not persuasive. Reliance upon the Crim.P. 5 advisement at the providency hearing does not amount to a waiver or a violation of any of the defendant's legal or constitutional rights, but merely demonstrates that defendant was advised and understood the nature and elements of second degree forgery.

The denial of defendant's Crim.P. 35(c) motion is affirmed.

VAN CISE and STERNBERG, JJ., concur.