Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us.  Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
September 9, 2019

**2019 CO 75**

**No. 17SC614, *Brooks v. People*—Habitual Offender—Prior Convictions—Plea Advisement.**

In this case, the supreme court considers whether a defendant's prior guilty plea to theft from a person was constitutionally obtained, such that it could be used later to adjudicate the defendant a habitual offender.  We hold that the defendant's prior guilty plea to theft from a person was constitutionally valid because the defendant understood the charge to which he pleaded guilty.  Because the defendant was convicted of a relatively simple offense, had prior, relevant experience with the criminal justice system, and was represented by competent counsel who certified that the defendant was advised of all the critical elements of theft from a person, the prior guilty plea can be used to adjudicate the defendant a habitual offender.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2019 CO 75

### Supreme Court Case No. 17SC614
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 13CA1750

### Petitioner:

Kyle Brooks,

v.

### Respondent:

The People of the State of Colorado.

### Judgment Affirmed
*en banc*
September 9, 2019

**Attorneys for Petitioner:**
Megan A. Ring, Public Defender
Jud Lohnes, Deputy Public Defender
*Denver, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
Christine Brady, Senior Assistant Attorney General
*Denver, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

¶1　After a jury found Kyle Brooks guilty of two felonies, the trial court adjudicated him to be a habitual criminal based on his prior felony convictions, including his guilty plea to theft from a person. As a result, the court sentenced him to twenty-four years in prison. Brooks now claims that his prior theft from a person conviction is constitutionally invalid. Therefore, we must determine if the record establishes by a preponderance of the evidence whether Brooks understood the elements of theft from a person when he previously pleaded guilty. We conclude that it does. Accordingly, we hold that Brooks's prior guilty plea to theft from a person was constitutionally valid, and we affirm the judgment of the court of appeals on different grounds.

## I.　Facts and Procedural History

¶2　Brooks was convicted of two class 4 felony counts for victim tampering. The prosecution also sought to adjudicate Brooks a habitual criminal under section 18-1.3-801, C.R.S. (2019), based on Brooks's three prior felony convictions. Brooks, however, asserts that one of those convictions, a 2010 theft conviction obtained through a guilty plea, is constitutionally invalid. Therefore, we need to examine the circumstances surrounding his guilty plea in that case.

¶3　In the 2010 case, the People charged Brooks with theft from a person after he and an accomplice stole a purse; Brooks distracted the victim while his accomplice grabbed the purse. Brooks pleaded guilty and waived a factual basis

2

for the crime. But both the charging document and the Rule 11 Advisement form failed to include the requisite mens rea for theft from a person: the intent to permanently deprive the victim of property. Additionally, the trial court did not mention the specific intent element when accepting Brooks's plea. The Rule 11 form, however, did include defense counsel's signed certification to the court that she had "discussed the facts and law applicable to this matter with [Brooks] *including the necessary culpable mental state*, possible defense(s), and potential penalties." (Emphasis added.)

¶4 During the habitual criminal hearing in the present case, Brooks argued that his 2010 theft conviction was constitutionally invalid and it could not serve as a predicate felony for his habitual criminal adjudication. Specifically, he argued that at the time he entered his guilty plea, he had not been informed that theft from a person requires the specific intent to permanently deprive the victim of property. The trial court here disagreed and instead found that Brooks understood what he was pleading guilty to in the 2010 case based on the following: (1) he was represented by competent counsel; (2) he asserted that he understood what he was pleading guilty to; (3) he had previously pleaded guilty to misdemeanor theft; and (4) the nature of the crime itself.

¶5 The court of appeals affirmed Brooks's habitual criminal sentence, concluding that the facts of the crime as alleged would have informed Brooks that

3

the particular theft in question was one where he intended to permanently deprive the victim of property. *People v. Brooks*, 2017 COA 80, ¶ 40, __ P.3d __. Brooks then filed a petition for certiorari review, and we granted review of three issues.[1]

## II.     Standard of Review

¶6      The constitutional validity of a guilty plea is a question of law that we review de novo. *Sanchez-Martinez v. People*, 250 P.3d 1248, 1254 (Colo. 2011). But we defer to a trial court's findings of fact unless they are unsupported by the record. *Id.*

## III.    Analysis

¶7      To determine whether Brooks's guilty plea was valid, we first discuss the requirements of a constitutionally valid guilty plea, including the need to establish

---

[1] We granted certiorari to review the following issues:

1. Whether a defendant enters a constitutionally valid guilty plea where the charging document omits the specific intent element of the crime, the trial court recites the defective charging document during its elemental advisement, and defense counsel never advised the defendant of the mens rea element.

2. Whether, when the trial court fails to advise the defendant of a critical element of the crime to which he pleads guilty, knowledge of the omitted element may be imputed to the defendant based on [the] "nature of the underlying crime."

3. Whether, when the trial court fails to advise the defendant of the specific intent element of the charge to which he pleads guilty, the error is susceptible to review under the constitutional harmless error standard.

that the defendant understood the crime to which he pleaded guilty. Next, we clarify that, to ensure a defendant understands what he is pleading guilty to, a trial court should explain the crime to a degree commensurate with the nature and complexity of that crime. Then, we examine the record to determine if it demonstrates by a preponderance of the evidence that Brooks understood the charge of theft from a person when he pleaded guilty, and we conclude that it does. Therefore, we hold that Brooks's prior guilty plea for theft from a person was constitutionally valid.

## A.   Law

¶8     A guilty plea is constitutionally valid when it has been made "voluntarily, knowingly, and intelligently." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). To demonstrate that a plea is constitutionally valid, "the record [must] affirmatively show the defendant's understanding of the critical elements of the crime to which the plea is tendered." *Watkins v. People*, 655 P.2d 834, 837 (Colo. 1982). The relevant mens rea is a critical element of the crime. *See id.* at 838 (listing specific intent as a critical element). If a defendant wishes to challenge the constitutional validity of a guilty plea, he "must make a prima facie showing that the guilty plea was unconstitutionally obtained." *Lacy v. People*, 775 P.2d 1, 6 (Colo. 1989). If the defense makes this prima facie showing, then the prosecution can rebut it by establishing "by a

preponderance of the evidence that the conviction was obtained" constitutionally. *Id.* at 6–7.

¶9 When evaluating whether a conviction was constitutionally obtained, we note that "no particular litany need be followed in accepting a tendered plea of guilty" and that "the degree of explanation that a court should provide depends on the nature and complexity of the crime." *Id.* at 6. We have previously provided guidance on which types of crimes are relatively complex and which are relatively easy to understand. *See id.* (explaining that aggravated robbery and second-degree murder are "understandable by persons of ordinary intelligence," whereas crimes such as conspiracy to commit burglary "require a greater showing of the defendant's understanding"). Therefore, what is necessary to establish a defendant's understanding of the charge against him depends on the crime's complexity.

## B. Application

¶10 Brooks contends that he did not understand that he needed to have the specific intent to permanently deprive the victim of her property when it was taken. Brooks asserts that, without that understanding, his plea is constitutionally invalid. To determine Brooks's understanding of the charges against him, we look at the record as a whole and focus on five aspects. First, we consider the nature of the offense to which he pleaded guilty to see how difficult it is to understand the

elements of the crime charged. Second, we review the charging document to see if it properly advised Brooks of the charge he was facing. Third, we examine how the court advised Brooks during the plea hearing. Fourth, we consider Brooks's prior experience with the criminal justice system. *Parke v. Raley*, 506 U.S. 20, 36–37 (1992). Finally, because Brooks was represented by competent counsel, we factor in defense counsel's "assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty." *Bradshaw*, 545 U.S. at 183.

¶11     First, theft is not an abstract concept. People steal property because they want to keep, use, or sell it. Thus, the intent to permanently deprive the victim of property is not difficult to understand because keeping the stolen property serves as the motivation for taking the item in the first place. We have previously concluded that crimes such as second-degree murder and aggravated robbery are easily understandable by a layperson, *see Lacy*, 775 P.2d at 6, and require less of a showing to establish that the defendant understood the charge to which he pleaded guilty. Certainly, theft falls safely within the sphere of those crimes, and can be readily contrasted with more complicated crimes like conspiracy to commit burglary.[2] Because we conclude that the crime of theft from a person is relatively

---

[2] As an illustration, consider the elements of theft and the elements of conspiracy to commit burglary, side by side. Upon doing so, it is clear that the elements of theft are relatively simple, whereas the elements of conspiracy to commit burglary

7

simple, the level of explanation required to demonstrate that Brooks understood what he was pleading guilty to is relatively low.

¶12    Second, the charging document in this case was deficient because it omitted the specific intent element of theft from a person:

COUNT 2-THEFT FROM A PERSON (F5)

That on or about April 17, 2010 in, or triable in, the County of Boulder, State of Colorado KYLE CHANCE BROOKS unlawfully, feloniously,

are more complicated and, in addition, also require a defendant to understand the elements of burglary itself:

| **Theft** | **Conspiracy to Commit Burglary** |
|---|---|
| 1. That the defendant, | 1. That the defendant, |
| 2. In the State of Colorado, at or about the date and place charged, | 2. In the State of Colorado, at or about the date and place charged, |
| 3. Obtained, retained, or exercised control over anything of value of another, | 3. With the intent to promote or facilitate the commission of the crime of burglary, |
| 4. Without authorization or by threat or deception, and | 4. Agreed with another person or persons that they, or one or more of them, would engage in conduct which constituted the crime of burglary or an attempt to commit the crime of burglary, and |
| 5. Intended to deprive the other person permanently of the use or benefit of the thing of value. | 5. The defendant, or a co-conspirator, performed an overt act to pursue the conspiracy. |
| COLJI-Crim. 4-4:01 (2018). | COLJI-Crim. G2:05 (2018). |

8

and knowingly took a thing of value, namely: a purse, from the person of [the victim]; in violation of section 18-4-401(1), (5), C.R.S.

Because of the lack of the specific intent element, we find that the charging document failed to properly inform Brooks of all critical elements of the charge.

¶13 Third, the trial court advised Brooks in the same manner as the charging document and did not mention the specific intent element. During the plea hearing, the trial court read the charge verbatim from the charging document:

> How do you plead with respect to that added Count 2 which charges on or about April 17, 2010, in or triable in the county of Boulder, state of Colorado, you unlawfully, feloniously, and knowingly took a thing of value, namely a purse, from the person of [the victim] in violation of section 18-4-401(1), (5), C.R.S.?

Because the court's advisement suffered from the same flaw as the charging document, we find that it too failed to inform Brooks of the critical element of specific intent to permanently deprive the victim of property.

¶14 Fourth, we rely on Brooks's prior experiences with the criminal justice system to evaluate his understanding of his guilty plea to theft from a person; in particular, we consider his previous guilty plea for misdemeanor theft. The trial court found that Brooks pleaded guilty to theft just a year before his 2010 guilty plea, and even though that theft was a misdemeanor, it had the same "specific intent to permanently deprive" element as theft from a person. *See* § 18-4-401(1)(a), (5), C.R.S. (2019). At the time he entered that guilty plea, Brooks was properly advised—and he acknowledged that he understood—that he needed to have the

specific intent to permanently deprive the victim of the property taken to be guilty of misdemeanor theft. He did not express any confusion or challenge that he had the specific intent to permanently deprive the victim of property in the 2009 guilty plea.

¶15 Finally, the trial court here expressly found that Brooks was represented by competent counsel in the 2010 case, and Brooks stated on the record in 2010 that defense counsel discussed the Rule 11 advisement form with him, and that he understood the charge to which he pleaded guilty. That form, which Brooks and defense counsel both signed, stated that defense counsel "discussed the facts and law applicable to this matter with [Brooks] *including the necessary culpable mental state*, possible defense(s), and potential penalties." (Emphasis added.) Because we have written assurance from competent counsel that Brooks understood what he was pleading guilty to, we rely on it in determining whether Brooks made a knowing, intelligent, and voluntary plea in accordance with constitutional principles.

¶16 In considering the record as a whole, we agree with Brooks that he made a prima facie showing that his theft from a person charge was constitutionally invalid, but we conclude by a preponderance of the evidence that Brooks understood the elements of the crime to which he pleaded guilty. When taken together, the relatively simple nature of the crime of theft from a person, Brooks's

10

guilty plea to misdemeanor theft just a year earlier, and defense counsel's written assurance that she explained to him the mens rea required to commit the offense, convince us that Brooks understood what he was pleading guilty to at the time he entered his plea. Accordingly, we hold that Brooks's prior guilty plea for theft from a person was constitutionally valid.

## IV. Conclusion

¶17 We vacate the opinion of the court of appeals and affirm the judgment on different grounds.